UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Everette Gattison, | ) C/A No. 4:13-2964-MGL-TER |
|                 Plaintiff, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| Shurnight & Rivers;<br>John W. Bledsoe, III, and<br>Progressive Insurance Co., | )<br>)<br>) |
|                 Defendants. | ) |

This is a civil action filed by a *pro se* litigant appearing *in forma pauperis*. Pursuant to 28 U.S.C. §636(b)(1), and Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court.

## BACKGROUND

Everette Gattison ("Plaintiff") asks this court to "see into" what is going on with a personal injury claim that he originally took to Defendant Shurlknight & Rivers law firm at some time after the car accident that resulted in Plaintiff's injuries. ECF No. 1, Compl. 3. Plaintiff alleges that the accident happened in "2004," *id*., but all the documents he attaches to the Complaint reference a car accident in Darlington County on June 4, 2002. *Id*. Attach. 1. Plaintiff names the Shurlknight law firm, another attorney who represented him between 2003 and 2005, and an insurance company that denied coverage for his accident as Defendants. Plaintiff does not specifically allege what part any of the Defendants played in the situation or that any of them did anything wrong, but, rather, he alleges that other people have been "getting payed," but he has not gotten anything. *Id*. Compl. 5.

Plaintiff states that another lawsuit between him and Defendant Bledsoe is "still pending" in "Federal Court Florence," *id.* at 1-2; however, review of this court's docket does not disclose any other pending case in this court between Plaintiff and any of the Defendants. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989)("'[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.'").

As previously stated, the seventy-five pages of documents attached to the Complaint show a different date of accident, two years earlier than Plaintiff alleges in his Complaint, and also show that Plaintiff was originally represented by Shurlknight & Rivers from November 2002 through March 2003. ECF No. 1, Attach. at 2; *see Jeffrey M. Brown Assocs., Inc. v. Rockville Ctr. Inc.*, 7 F. App'x 197, 202-03 (4th Cir. 2001)(attached exhibits are integral parts of the pleading for purposes of motions to dismiss). The documents also show that Plaintiff changed attorneys and employed Defendant Bledsoe at some point before April 24, 2003. ECF No. 1, Attach. at 6. Defendant Bledsoe withdrew from representation of Plaintiff on January 31, 2005, after determining that there was no insurance coverage for his injuries. *Id.* at 4. The attached documents also show that Defendant Progressive was one of several insurers that were contacted by Plaintiff's attorneys, but it denied coverage for Plaintiff's injuries on October 15, 2002. *Id.* at 11. Finally, the documents also show that a third lawyer (not made a party under the Complaint) reviewed Plaintiff's file from Defendant Bledsoe's office shortly before Plaintiff filed this lawsuit. That attorney refused to take Plaintiff on as a client on October 23, 2013, and, at that time, informed him of a potential statute of limitations bar to any personal injury lawsuit based on the 2002 car accident. *Id.* at 75.

### INITIAL REVIEW

Under established local procedure in this judicial district, a careful review has been made of

the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The Complaint in this case was filed under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(I), (ii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe *pro se* pleadings, *Estelle v. Gamble*, 429 U.S. at 97, holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980)*(per curiam)*. The mandated liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a pleading to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, the *pro se* Complaint in this case is subject to summary dismissal.

**DISCUSSION**

Initially, the Complaint under review is subject to summary dismissal because there are no allegations of wrongdoing or of any basis for potential liability for any reason to Plaintiff against any of the three Defendants. Under 28 U.S.C. § 1915(e)(2)(B), this court should dismiss an action filed by a *pro se* litigant proceeding *in forma pauperis*, as here, which is "frivolous" or "fails to state a claim on which relief may be granted." Because there are no factual allegations of wrongdoing by any of the Defendants, Plaintiff's Complaint is both frivolous and fails to state a claim on which relief can be granted as to any Defendant. *See Cochran v. Morris*, 73 F.2d 1310 (4th Cir. 1996)(statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); *Weller v. Dep't of Social Servs.*, 901 F.2d at 389n. 2 (dismissal proper where there were no allegations to support claim). It is well settled that federal courts performing their duties of construing *pro se* pleadings are not required to be "mind readers" or "advocates" for *pro se* litigants. *See Beaudett v. City of Hampton*, 775 F.2d at 1278; *Gordon v. Leeke*, 574 F.2d at 115. In absence of substantive allegations of wrongdoing against the any Defendant, there is nothing from which this court can liberally construe any type of plausible cause of action arising from the Complaint under review.

Furthermore, even if the court could somehow infer from his minimal allegations, supplemented by the attached documents, that he is attempting to bring legal malpractice claims against the Defendant attorneys because of their failure to file a lawsuit on his behalf or to obtain coverage for his injuries in some other way, the Complaint would still be subject to summary dismissal. Negligence and legal malpractice are causes of action arising under South Carolina law, not under federal law. *See, e.g.*, *Mitchell v. Holler*, 311 S.C. 406, 429 S.E.2d 793 (1993);

4

*Yarborough v. Rogers*, 306 S.C. 260, 411 S.E.2d 424 (1991). A civil action for negligence and legal malpractice would be cognizable in this federal court only under the diversity statute, 28 U.S.C. § 1332, if that statute's requirements are satisfied in a given case. *See Cianbro Corp. v. Jeffcoat & Martin*, 804 F. Supp. 784, 788-91 (D.S.C. 1992). The diversity statute is not satisfied in this case because, according to the information Plaintiff provided on his summons form, Plaintiff and both attorney Defendants are residents of South Carolina. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 (1978)(diversity of citizenship requires that no party on one side of a case may be a citizen of the same state as any party on the other side).

The same problem of lack of available federal jurisdiction exist with regard to any potential personal injury claim that Plaintiff might be trying to bring against Defendant Progressive Insurance Company arising from the June 4, 2002 car accident (or the "2004" accident that Plaintiff alleges in the Complaint). Such a personal injury/negligence-based claim against an insurer is also one arising under state law, and complete diversity of citizenship would be required for this court to consider any such state-law claim. *See DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 200-03 (1989)(42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law). Although the summons submitted by Plaintiff contains an Ohio address from Defendant Progressive, there is no complete diversity in this matter because the two South Carolina attorney Defendants and the South Carolina Plaintiff are also parties. *See C.L. Ritter Lumber Co. v. Consolidation Coal Co.*, 283 F. 3d 226, 229 (4th Cir. 2002)(diversity statute requires that no party on one side of a case may be a resident of the same state as a party on the opposite side).

Finally, even if there were some way that this court could liberally construe any plausible negligence claim against any Defendant Progressive from Plaintiff's minimal allegations, any such

5

claim would, nevertheless, be barred by the applicable statute of limitations.[1] The United States Court of Appeals for the Fifth Circuit stated the following regarding the purpose and effect of statutes of limitations:

> Limitations statutes . . . are not cadenced to paper tidiness and litigant convenience. Time dulls memories, evidence and testimony become unavailable, and death ultimately comes to the assertion of rights as it does to all things human.

*United States v. Newman*, 405 F.2d 189, 200 (5th Cir. 1969). Under Rule 8(c) of the Federal Rules of Civil Procedure, a statute of limitations defense is an affirmative defense, which is subject to waiver if not timely raised in a responsive pleading. *See*, *e.g.*, *Am. Nat'l Bank v. FDIC*, 710 F.2d 1528, 1537 (11th Cir. 1983); *United States v. Ward*, 618 F. Supp. 884, 901 (E.D. N.C. 1985). Even so, the holding in *Todd v. Baskerville*, 712 F.2d 70, 74 (4th Cir. 1983), authorizes a district court to anticipate clearly apparent affirmative defenses available to the defendants in determining under § 1915 whether process should be issued against the defendants. *See Rogers v. Isom*, 709 F. Supp. 115, 117 (E.D. Va. 1989)("A determination of frivolousness on the basis of affirmative defenses is appropriate even though no responsive pleadings have been filed."). This court would necessarily apply South Carolina's statutory limitations provisions in any negligence case arising in South Carolina considered under diversity jurisdiction. *See* Rowland v. Patterson, 852 F.2d 108, 110 (4th Cir. 1988).

Under S.C. Code Ann. §§ 15-3-530; 15-3-535, the statute of limitations on such negligence

---

[1]The date on which the statute of limitations began to run on any potential legal malpractice claim against either of the other two Defendants is not clear on the face of the pleading because there is nothing to indicate when Plaintiff discovered that the attorneys did not recover any compensation for him for his injuries. Statute of limitations defenses in such claims are generally considered under the so-called "discovery rule," under which the statute begins to run when the Plaintiff becomes aware that he has suffered injury caused by the defendants. *See True v. Monteith*, 489 S.E.2d 615, 617 (S.C. 1997)(professional malpractice case).

actions is three years from the time of the alleged injury. Thus, taking Plaintiff's allegations as true and considering the dates on the documents attached to the Complaint, the latest that the statute of limitations would have begun to run on any personal injury claim against Defendant Progressive would have been October 15, 2005, three years from the date it denied coverage for any injuries arising from the subject car accident. Accordingly, it is clear that any attempt by Plaintiff to recover damages or other relief from Progressive in this case based on its refusal to provide coverage for the subject car accident and resulting injuries was filed too late.

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice*. *See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. at 324-25.

Plaintiff's attention is directed to the important notice on the next page.

       s/Thomas E. Rogers, III
       Thomas E. Rogers, III
       United States Magistrate Judge

March 12, 2014
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).