IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Everette Gattison, | ) Civil Action No.: 4:13-2964-MGL |
| Plaintiff, | ) |
| v. | ) **ORDER AND OPINION** |
| Shurnight & Rivers; John W. Bledsoe, III, and Progressive Insurance Co., | ) |
| Defendants. | ) |

Plaintiff Everette Gattison ("Plaintiff"), proceeding *pro se*, brought this personal injury action against Defendants Shurnight & Rivers; John W. Bledsone, III, and Progressive Insurance Company ("Defendants"). (ECF No. 1.) The matter is before the Court for review of the Report and Recommendation of the United States Magistrate Judge recommending that this action be dismissed for lack of jurisdiction and due to Plaintiff's failure to state a claim upon which relief can be granted. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court reviews the Report and Recommendation only for clear

error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

The Magistrate Judge filed the Report and Recommendation on March 12, 2014. No objections have been filed and the time for doing so expired on March 31, 2014.  In the absence of such objections, the Court is not required to give any explanation for adopting the recommendation.  *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir.1983).  Moreover, a failure to object waives appellate review.  *Wright v. Collins*, 766 F.2d 841, 845–46 (4th Cir.1985).

After a thorough review of the record in this case and the Report and Recommendation of the Magistrate Judge pursuant to the standard set forth above, the Court adopts and incorporates the Report and Recommendation herein.  It is therefore ORDERED that Plaintiff's complaint be dismissed, *without prejudice*.

IT IS SO ORDERED.

<u>/s/Mary G. Lewis</u>
United States District Judge

April 16, 2014
Spartanburg, South Carolina